*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. HALL,            ) | No. C 09-5935 RMW (PR) |
|                             ) | |
|     Plaintiff,              ) | ORDER DENYING |
|                             ) | PLAINTIFF'S MOTION FOR |
|   v.                        ) | PRELIMINARY INJUNCTION |
|                             ) | |
| ANTHONY HEDGPETH, et al,    ) | |
|                             ) | |
|     Defendants.             ) | |
|                             ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of Salinas Valley State Prison. The court found cognizable plaintiff's claims of violations of plaintiff's right to free exercise and equal protection and RLUIPA. Pending before the court is plaintiff's motion for a preliminary injunction against defendant Young.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ----, 129 S. Ct. 365, 374 (2008). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted). Where the court concludes the movant has failed to show a likelihood of

1 success on the merits, the court, in its discretion, need not consider whether the movant would
2 suffer irreparable injury. Guzman v. Shewry, 552F.3d 941, 948 (9th Cir. 2009).
3      Although plaintiff's allegations state cognizable claims for relief, the court finds that at
4 this stage of the proceedings plaintiff has not shown he is likely to succeed on the merits of
5 proving his claim that defendants are violating his right to worship and/or practice his religion.
6 In particular, plaintiff's motion appears to complain that defendant Young is violating state code
7 regulations and "talking to and inciting inmates against inmates about legal issues in this court."
8 (Motion at 2.)  It is apparent that plaintiff is currently pursuing administrative remedies
9 regarding the propriety of defendant Young's statements to other inmates.  Without more, these
10 assertions do not affect the likelihood of success of plaintiff's underlying civil rights action.
11 Additionally, and for the same reasons, plaintiff has not shown he is likely to suffer irreparable
12 harm in the absence of preliminary relief.   Accordingly, the motion for a preliminary injunction
13 will be denied.

     IT IS SO ORDERED.

DATED: 7/30/10

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge