*E-FILED - 5/4/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME |
| v. | ) ) | |
| JASMINE A. TEHRANI, et al., | ) ) | (Docket Nos. 98, 103) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court served plaintiff's second amended complaint upon defendants finding that plaintiff asserted one cognizable claim against defendants; that is, that defendants retaliated against him by creating a false psychological report because plaintiff filed prison grievances, exercised his right to petition the court, and exercised his right to create literary and editorial cartoon works. On December 27, 2010, defendants filed a motion to dismiss, and in the alternative, a motion for summary judgment. On January 19, 2011, and March 9, 2011, plaintiff filed a motion for an extension of time under Rule 56(d) to file a opposition to defendants' motion. For the reasons stated below, the court grants plaintiff's motions for an extension of time.

**DISCUSSION**

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it

1       cannot present facts essential to justify its opposition, the court may: (1) defer
considering the motion or deny it; (2) allow time to obtain affidavits or
2       declarations or to take discovery; or (3) issue any other appropriate order.

3 Fed. R. Civ. P. 56(d). It is a device for litigants to avoid summary judgment when the

4 non-movant needs to discover affirmative evidence necessary to oppose the motion. See <u>Garrett</u>

5 <u>v. San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) provides that a court may

6 deny a summary judgment motion to permit discovery if it appears that a party cannot present

7 facts essential to opposing the motion. Fed. R. Civ. P. 56(d). In making a Rule 56(d) motion, a

8 party opposing summary judgment must make clear "what information is sought and how it

9 would preclude summary judgment." <u>Margolis v. Ryan</u>, 140 F.3d 850, 853 (9th Cir. 1998); <u>see,</u>

10 <u>e.g., id.</u> at 853-54 (district court correctly denied motion for continuance to engage in further

11 discovery under Rule 56(d) where plaintiff did not provide any basis or factual support for his

12 assertions that further discovery would lead to the facts and testimony he described, and his

13 assertions appeared based on nothing more than "wild speculation"). The requesting party must

14 show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further

15 discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose

16 summary judgment. <u>Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage</u>

17 <u>Corp.</u>, 525 F.3d 822, 827 (9th Cir. 2008).

18       The Ninth Circuit has made clear that in cases involving pro se prisoners, summary

19 judgment is not favored when discovery requests for relevant evidence are pending.

20       Under Rule 56(f), the court may postpone ruling on a summary judgment
motion where the nonmoving part needs "additional discovery to explore 'facts
21       essential to justify the party's opposition.'" <u>Crawford-El v. Britton</u>, 523 U.S.
574, 599, n.20 (1998) (<u>quoting</u> Fed. R. Civ. Pro. 56(f)). Though the conduct of
22       discovery is generally left to a district court's discretion, summary judgment is
disfavored where relevant evidence remains to be discovered, particularly in
23       cases involving confined pro se plaintiffs. <u>Klingele v. Eikenberry</u>, 849 F.2d
409, 412 (9th Cir. 1988); <u>Harris v. Pate</u>, 440 F.2d 315, 318 (7th Cir. 1971)
24       (Stevens, J.) (observing that the combined disabilities of self-representation and
confinement hinder a plaintiff's ability to gather evidence). Thus summary
25       judgment in the face of requests for additional discovery is appropriate only
where such discovery would be "fruitless" with respect to the proof of a viable
26       claim. <u>Klingele</u>, 849 F.2d at 412.

27 <u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004).

28       Here, plaintiff argues that he should receive a continuance to file his opposition to the

1 motion for summary judgment because he needs more time for defendants to provide: (1) the
2 questions asked and answers given to defendant Murphy in his March 3, 2008 psychological
3 evaluation interview; (2) a copy of defendant Murphy's credentials to verify he was trained and
4 qualified to administer the HARE psychopathy checklist-revised; (3) a copy of the guidelines
5 used to formulate the psychological evaluation of March 3, 2008; and (4) the Board's Executive
6 Board meeting transcript from September 18, 2007, "Item VII-Overview of Psychological
7 Evaluations Presented by Senior Psychologists Jasmine A. Tehrani and Steven Walker."
8 Although it is not immediately clear that all of the information sought by plaintiff's outstanding
9 discovery requests is relevant to the matters at issue herein, at least some of plaintiff's requests
10 appear likely to lead to discovery that would not be fruitless with respect to proof of plaintiff's
11 retaliation claim. (See, e.g., (1) questions asked and answered at the psychological evaluation
12 interview, and (2) a copy of the guidelines used to formulate the psychological evaluation.)

13 Plaintiff claims that he has informed defendants that he intends to file a motion to compel
14 should his discovery requests be denied. However, it is unclear from plaintiff's filings whether
15 defendants' counsel has responded to plaintiff's request to meet and confer. Defense counsel is
16 reminded to respond to plaintiff's discovery requests, if appropriate, in a thorough and timely
17 manner. The parties shall have an additional **thirty days** from the filing date of this order to
18 conclude discovery. Plaintiff's opposition to the motion to dismiss and for summary judgment is
19 due **sixty days** from the filing date of this order. Defendants shall file their reply **fifteen days**
20 thereafter.

21 If the parties are unable to resolve the outstanding discovery matters within thirty days,
22 plaintiff may file a renewed motion to compel discovery, along with the requisite certification
23 demonstrating that he conferred with defendants. Defendants must then file their opposition to
24 any such motion thirty days thereafter.

25 This order terminates docket numbers 98 and 103.

26 IT IS SO ORDERED.

27 DATED:  5/4/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Plaintiff's Motion for an Extension of Time
P:\PRO-SE\SJ.Rmw\CR.09\Hall057grule56.wpd       3